STATE of Rhode Island

v.

John TRACY.

No. 98–475–C.A.

Supreme Court of Rhode Island.

Oct. 22, 1999.

Jane M. McSoley, Aaron L. Weisman, Virginia M. McGinn, Providence.

Mark Smith, North Smithfield.

## ORDER

This case came before the Supreme Court on September 22, 1999, pursuant to an order directing the plaintiff to show cause why the issues raised in this appeal should not be summarily decided. The defendant, John Tracy (Tracy), appeals from a judgment of conviction for second degree child molestation. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has been shown and that this case should be reversed and remanded for a new trial.

The gravamen of this appeal arises from an incident that occurred after the close of a jury trial in Providence County Superior Court on September 26, 1997. During jury deliberations, the trial justice received a note from the jury foreperson. The note stated that after deliberations had begun, a juror disclosed that his daughter had brought a complaint that her child, the jurors grandchild, had been sexually abused. Defense counsel sought to conduct a voir dire of the juror to inquire whether the juror felt he could be fair and impartial in determining the verdict. The prosecution did not object to such an inquiry. The trial justice felt that the matter had been sufficiently addressed during the original voir dire. However, he did send further instructions to the jury that they were to decide the case strictly upon the evidence presented at trial and not on personal experience. The jury returned a guilty verdict and Tracy was sentenced to ten years, three years to serve, the remaining seven years suspended with probation. The defense filed this appeal asserting numerous issues. Among the issues raised was whether the trial justice abused his discretion in failing to inquire of the juror. As a result of the disposition of this issue, we will not address the other issues raised by defendant.

"[I]t is well-settled in this jurisdiction that the issue of whether a juror is disqualified due to bias, prejudice or interest is left to the discretion of the trial justice." *State v. Berberian,* 118 R.I. 413, 374 A.2d 778, 781 (1977); *see also State v. Manfredi,* 118 R.I. 144, 372 A.2d 975, 977 (1977). The decision to conduct voir dire, like the declaration of a mistrial, is left to the trial justice's discretion, and that decision will not be disturbed unless an abuse of discretion is shown. We are of the opinion that the trial justice abused his discretion in refusing to inquire further upon receipt of the communication from the jury foreperson.

The significant issue is whether the trial justice should have conducted a voir dire to ascertain if this juror harbored any prejudices or beliefs which may have affected the verdict. We are of the opinion that the juror's disclosure raised a meaningful issue which could not be ignored or handled by additional instructions to the jury. In light of the significance of the communication, voir dire was necessary to determine whether this juror could be fair and impartial in rendering the verdict. In this instance, the trial justice was not sufficiently informed of the issue to adequately exercise his discretion. For this reason, the defendant's appeal is sustained, the judgment of conviction of the Superior Court is reversed, and this case shall be

remanded to the Superior Court for a new trial.